UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ROBERT M. PATTON,**

        **Plaintiff,**

**-vs-**                                                 **Case No. 6:11-cv-445-Orl-19DAB**

**OCWEN LOAN SERVICING, LLC and JOHN
DOE LOAN OWNER, INC.,**

        **Defendants.**

_____

# ORDER

This case comes before the Court on the following:

1. Motion to Dismiss Complaint by Defendant Ocwen Loan Servicing, LLC (Doc. No. 3, filed Mar. 28, 2011);

2. Memorandum in Support of Motion to Dismiss Complaint by Defendant Ocwen Loan Servicing, LLC (Doc. No. 4, filed Mar. 28, 2011); and

3. Notice of Filing of Legible Exhibit 2 to the Complaint by Plaintiff Robert M. Patton (Doc. No. 13, filed May 2, 2011).

**Background**

**I. Plaintiff's Allegations**[1]

The instant case concerns the actions of Defendant Ocwen Loan Servicing, LLC ("Ocwen") in servicing the mortgage held by Defendant John Doe Loan Owner, Inc. ("Loan Owner"), an

---

[1] The facts presented in this Order are derived from the allegations of the Complaint. These facts are included only to provide context and should not be construed as findings of fact.

unknown entity, for property owned by Plaintiff Robert M. Patton located at 1987 Nixon Avenue, Melbourne, Florida. (Doc. No. 2 ¶¶ 3-4, at 7.)

Plaintiff alleges that "[o]n or about July 21, 2010," his counsel sent Ocwen a written request for validation of the debt owed on the mortgage ("July 21 Letter"). (Doc. No. 2 ¶ 8.) A copy of the July 21 Letter and a fax confirmation page for the July 21 Letter are attached to the Complaint as Exhibit 1.[2] (*Id.* at 7-9.) Plaintiff contends that Ocwen's acknowledgment of receipt of the July 21 letter dated August 21, 2010 ("August 21 Acknowledgment"), was untimely and that Ocwen's response to the July 21 Letter dated September 7, 2010 ("September 7 Response"), failed to provide all of the information requested. (Doc. No. 2 ¶¶ 15, 17.)

Patton further asserts that Ocwen made direct written and telephonic communications to him despite previously receiving notice that he was represented by counsel. (*Id.* ¶¶ 27-28.) Finally, Plaintiff alleges that both Ocwen and Loan Owner have refused to disclose Loan Owner's identity. (*Id.* ¶¶ 34-36.)

## II. Procedural History

On February 18, 2011, Plaintiff filed a Complaint against Ocwen and Loan Owner in the County Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida, alleging the following claims: (1) violation of the Real Estate Settlement Practices Act ("RESPA"), 12 U.S.C. § 2601, et seq., against Ocwen; (2) violation of the Florida Consumer Collection Practices Act ("FCCPA"), Section 559.55, et seq., Florida Statutes, against Ocwen; and (3) violation of the Truth

---

[2] The fax confirmation page appears to indicate that the July 21 Letter was faxed to Ocwen at 5:21 p.m. on July 20, 2010. (Doc. No. 2 at 7.)

in Lending Act, 15 U.S.C. § 1601 et seq., against Ocwen and Loan Owner.  (Doc. No. 2.)  Ocwen removed the case to this Court on March 22, 2011.  (Doc. No. 1.)

On March 28, 2011, Ocwen moved to dismiss the Complaint for failure to state a claim upon which relief can be granted.  As of the date of this Order, Plaintiff has not filed a response in opposition, and the time for doing so has passed.[3]  Pursuant to an order of the Court, Plaintiff filed a legible copy of Exhibit 2 of the Complaint.  (Doc. No. 13 at 2-3.)

## Standard of Review

When ruling on a motion to dismiss for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6), a court must limit its consideration to the complaint, the written instruments attached to it as exhibits, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."  *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 323 (2007); *GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993).  In determining the merits of the motion, a court must "accept all factual allegations in the complaint as true."  *Tellabs*, 551 U.S. at 323.  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009).  Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

---

[3] Local Rule 3.01(b) provides that each party opposing a motion shall file within fourteen days after service of the motion a response that includes a memorandum of legal authority in support of the request.  Failure to oppose a motion raises an inference that the party does not object to the motion.  *E.g.*, *Bray & Gillespie Mgmt. LLC v. Lexington Ins. Co.*, 527 F. Supp. 2d 1355, 1371 (M.D. Fla. 2007).

Once a court "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," the court must next determine whether the well-pled facts "'state a claim to relief that is plausible on its face.'" *Id.* at 1949-50 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950 (citation omitted). As the United States Supreme Court explained:

> The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.* at 1949 (quotation marks and internal citations omitted) (quoting *Twombly*, 550 U.S. at 557). On a Rule 12(b)(6) motion to dismiss, when a court considers the range of possible interpretations of the defendant's alleged conduct, if the "more likely explanations" involve lawful, non-actionable behavior, the court should find that the plaintiff's claim is not plausible. *Id.* at 1950-51.

**Analysis**

**I. Count I: Violation of RESPA**

In Count I of the Complaint, Plaintiff asserts that the July 21 Letter was a qualified written request ("QWR") under RESPA and that Ocwen violated RESPA by failing to timely acknowledge and adequately respond to the July 21 Letter. (Doc. No. 2 at 2-4.) Ocwen argues that Count I fails to state a violation of RESPA because the July 21 Letter is not a QWR or, alternatively, because Ocwen adequately responded to the July 21 Letter. (Doc. No. 4 at 3-5.)

Ocwen maintains that the July 21 Letter is not a QWR because it does not contain any inquiry relating to servicing of the loan. (*Id.* at 3-4.) Under RESPA, a QWR is defined in pertinent part as follows:

> [A] qualified written request means a written correspondence (other than notice on a payment coupon or other payment medium supplied by the servicer) that . . . includes a statement of the reasons that the borrower believes the account is in error, if applicable, or that provides sufficient detail to the servicer regarding information relating to the servicing of the loan sought by the borrower.

12 U.S.C. § 2605(e)(1)(B). The term "servicing" is defined as "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan . . . and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan." *Id.* § 2605(i)(3).

The July 21 Letter asserted that Plaintiff's mortgage payments were not properly credited to the balance due and requested disclosure of the current and prior owners and servicers of Plaintiff's mortgage. (Doc. No. 2 at 8.) Plaintiff's assertion that mortgage payments were improperly credited and his request that Ocwen identify the current and past servicers of his mortgage reasonably constitute inquiries relating to loan servicing. *Cf. MorEquity, Inc. v. Naeem*, 118 F. Supp. 2d 885, 901 (N.D. Ill. 2000) ("There are no claims, for example, that [the servicer] did not give the [mortgagors] credit for any periodic payments made, which is how the statute defines servicing. . . . [T]he letter sought information about the validity of the loan and mortgage documents, but made no inquiry as to the status of the [mortgagor's] account balance. Therefore, the request did not relate to 'servicing' of the loan . . . ."). Accordingly, the July 21 Letter is sufficiently pled to be a QWR.

Ocwen next argues that even if the July 21 Letter was a QWR, its September 7 Response[4] complied with RESPA.  (Doc. No. 4 at 4-5.)  Pursuant to 12 U.S.C. § 2605(e)(2), a servicer must take the following actions within 60 days of receiving a QWR:

> (A) make appropriate corrections in the account of the borrower, including the crediting of any late charges or penalties, and transmit to the borrower a written notification of such correction (which shall include the name and telephone number of a representative of the servicer who can provide assistance to the borrower);
>
> (B) after conducting an investigation, provide the borrower with a written explanation or clarification that includes--
>
> (i) to the extent applicable, a statement of the reasons for which the servicer believes the account of the borrower is correct as determined by the servicer; and
>
> (ii) the name and telephone number of an individual employed by, or the office or department of, the servicer who can provide assistance to the borrower; or
>
> (C) after conducting an investigation, provide the borrower with a written explanation or clarification that includes--
>
> (i) information requested by the borrower or an explanation of why the information requested is unavailable or cannot be obtained by the servicer; and
>
> (ii) the name and telephone number of an individual employed by, or the office or department of, the servicer who can provide assistance to the borrower.

Plaintiff alleges that Ocwen's September 7 Response failed to provide "all of the information requested" in the July 21 Letter, including the identity of the mortgage note owner.  (Doc. No. 2 ¶ 17.)  Plaintiff does not attach a copy of the Response to the Complaint, nor does Plaintiff allege what information was requested and not provided by Ocwen.  Because identifying the owner of a mortgage note does not relate to "servicing" of the mortgage, 12 U.S.C. § 2605(i)(3), it is not a

---

[4] Ocwen attaches a document to its Motion to Dismiss purporting to be its September 7 Response to the July 21 Letter.  (Doc. No. 4-1 at 1.)  Because that document is not attached to the Complaint, it cannot be considered for purposes of the instant Motion.  *Tellabs*, 551 U.S. at 323.

proper request in a QWR, *id.* § 2605(e)(1)(B), and Ocwen did not violate Section 2605(e)(2) merely by failing to identify the current and past owners of Plaintiff's mortgage in the September 7 Response. In addition, Plaintiff's allegation that the September 7 Response failed to provide "all of the information requested" in the July 21 Letter does not plausibly establish that Ocwen violated Section 2605(e)(2) because a servicer is required to provide "information requested by the borrower *or* an explanation of why the information requested is unavailable or cannot be obtained by the servicer." 12 U.S.C. § 2605(e)(2)(C)(i) (emphasis added). Finding no other allegations in the Complaint regarding the September 7 Response or arguments by Plaintiff on this matter, the RESPA claim in Count I based on the insufficiency of Ocwen's September 7 Response is not well-pled.

Although Plaintiff fails to state a claim that Ocwen's September 7 Response violated Section 2605(e)(2), Plaintiff further alleges that Ocwen's acknowledgment of the July 21 Letter was untimely in violation of Section 2605(e)(1)(A). (Doc. No. 2 ¶¶ 14-15.) Ocwen does not address this claim in its Motion to Dismiss, and thus the Court will not address the sufficiency of that claim at this juncture.

**II. Count II: Violation of FCCRA**

In Count II of the Complaint, Plaintiff contends that Ocwen violated subsections (5), (14), and (18) of the FCCRA, which state as follows:

> In collecting consumer debts, no person shall: . . .
>
> (5) Disclose to a person other than the debtor or her or his family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false. . . .
>
> (14) Publish or post, threaten to publish or post, or cause to be published or posted before the general public individual names or any list of names of debtors, commonly

> known as a deadbeat list, for the purpose of enforcing or attempting to enforce collection of consumer debts. . . .
>
> (18) Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.

§ 559.72, Fla. Stat.  Ocwen argues that Plaintiff fails to plead sufficient facts in support of each of these claims.  (Doc. No. 4 at 5-6.)

In support of the FCCRA claims in Count II, Plaintiff alleges that Ocwen selected counsel, directed that a foreclosure action be filed against Plaintiff, controlled the foreclosure action, and made direct telephonic and written communication to Plaintiff.  (Doc. No. 2 ¶¶ 26-28.)  Such allegations, without more, do not plausibly establish a claim under subsection (5) of the FCCRA, as Plaintiff does not allege that Ocwen disclosed Plaintiff's financial information without a legitimate purpose or that the information disclosed by Ocwen affected Plaintiff's reputation.  *See Niven v. Nat'l Action Fin. Servs., Inc.*, No. 8:07-cv-1326-T-27TBM, 2008 WL 4190961, at *2 (M.D. Fla. Sept. 10, 2008) (listing the elements of Section 559.72(5) as follows: (1) disclosure of information to a person other than a member of Plaintiff's family; (2) such disclosure was made to a person without a legitimate business need for the information; and (3) the disclosed information affected the Plaintiff's reputation (citing *Heard v. Mathis*, 344 So. 2d 651, 655 (Fla. 1st DCA 1977))).  In addition, Plaintiff does not allege that Ocwen published his name on a "deadbeat list" or took any other actions prohibited by Section 559.72(14).

Plaintiff asserts that Ocwen violated Section 559.72(18) when it "made direct telephonic communication with Plaintiff after Ocwen was on notice that Plaintiff had retained counsel."  (Doc.

No. 2 ¶ 28.) However, Section 559.72 only prohibits communications "in collecting consumer debts," and Plaintiff alleges no facts from which it may plausibly be inferred that Ocwen's telephonic communications with Plaintiff related to "collecting consumer debts." Therefore, Plaintiff has not stated a claim against Ocwen under Section 559.72(18) based on the allegation that Ocwen "made direct telephonic communication with Plaintiff."

Although Plaintiff does not state a claim against Ocwen under subsection (18) of the FCCRA by claiming that Ocwen made "direct telephonic communication" with him, a violation of subsection (18) is plausibly established by Plaintiff's claim that Ocwen, with knowledge that Plaintiff was represented by counsel, sent an account statement to Plaintiff dated October 13, 2010 ("October 13 Statement").[5] (Doc. No. 2 ¶ 27.) Ocwen's arguments to the contrary discussed below are without merit.

Ocwen first contends that Plaintiff failed to plead facts reasonably suggesting that Ocwen knew Plaintiff was represented by counsel when it sent the October 13 Statement. (Doc. No. 4 at 5-6.) To the contrary, the July 21 letter reasonably notified Ocwen that Plaintiff was represented by an attorney and provided a means for Ocwen to readily ascertain the name and address of Plaintiff's attorney as required under Section 559.72(18). The July 21 Letter is printed on the letterhead of "The Law Offices of Shuster & Saben, L.L.C." and advises Ocwen that "our law firm represents [Plaintiff] regarding your attempts to collect a debt allegedly owned [sic] to the above-referenced financial institution." (Doc. No. 2 at 8.) Therefore, the July 21 Letter plausibly establishes that Ocwen knew Plaintiff was represented by counsel.

---

[5] The October 13 Statement is attached to the Complaint as Exhibit 2. (Doc. No. 4 at 5-6.) On May 2, 2011, Plaintiff filed a legible copy of the October 13 Statement as directed by the Court. (Doc. No. 13.)

Ocwen further argues that Plaintiff fails to state a claim under Section 559.72(18) because the October 13 Statement was for informational purposes only and was not an attempt to collect a debt. (Doc. No. 4 at 6.) Ocwen maintains, without citing any authority in support, that statements "sent for informational purposes only" are "not the type of communication intended to be prohibited under the FCCPA." (*Id.*) Assuming without deciding that statements sent merely for informational purposes are not statements to collect consumer debts triggering the FCCPA, the October 13 Statement, viewed in the light most favorable to Plaintiff for purposes of the instant Motion to Dismiss, can reasonably be viewed as a document attempting to collect a debt as opposed to a document sent only for informational purposes.

The October 13 Statement discloses under the heading of "Important Messages" that because Plaintiff's "loan is in foreclosure," the statement "may be for informational purposes only." (Doc. No. 13 at 2.) The use of the word "may" presents no affirmative indication that the October 13 Statement is in fact for informational purposes only, and other portions of the October 13 Statement suggest that the Statement attempts to collect a debt. The October 13 Statement indicates that $632.19 is the "Current Amount Due by 11/01/10" and that $14,648.06 represents the "Past Due Amounts DUE IMMEDIATELY." (*Id.*) In addition, the October 13 Statement appears to include a detachable payment coupon, lists a payment address, and discloses several "important payment reminders" and "payment options." (*Id.* at 2-3.) These portions of the October 13 Statement plausibly suggest that the Statement was sent for the purpose of collecting a consumer debt under Section 559.72, not merely for informational purposes. Accordingly, Plaintiff has sufficiently pled a claim that Ocwen knew Plaintiff was represented by counsel and sent him a written communication attempting to collect a debt in violation of Section 559.72(18).

### III. Count III: Violation of TILA

In Count III, Plaintiff claims that Ocwen violated TILA by failing and refusing to disclose Loan Owner's identity. (Doc. No. 2 at 5-6.) Ocwen argues that this claim should be dismissed because loan servicers cannot be liable under TILA. (Doc. No. 4 at 6-7.)

A loan servicer may be liable under TILA only if it currently owns or previously owned the mortgage note at issue. *See Stump v. WMC Mortgage Corp.*, No. Civ. A. 02-326, 2005 WL 645238, at *10 (E.D. Pa. Mar. 16, 2005) ("As TILA imposes liability only on purchasers and assignees of mortgages, loan servicers cannot be liable under TILA." (citing 15 U.S.C. § 1641(f))); *Clark v. Fairbanks Capital Corp.*, No. 00-C-7778, 2003 WL 21277126, at *3 (N.D. Ill. Jun. 2, 2003) ("TILA contains no provision expressly providing for the liability of servicing agents. . . . However, a servicing agent may be treated as an assignee for liability purposes if it is or was, at some point in time, the owner of the obligation." (citing 15 U.S.C. § 1641(f))). Although Plaintiff alleges that he has no knowledge of who owns the mortgage note, he also asserts "[i]n the alternative" that Ocwen owns the note. (Doc. No. 2 ¶ 5.) The inconsistency presented by these alternative allegations does not justify the dismissal of this Count at this stage of the proceedings. *See* Fed. R. Civ. P. 8(d)(2) ("If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient."); Fed. R. Civ. P. 8(d)(3) ("A party may state as many separate claims or defenses as it has, regardless of consistency."). If, as Plaintiff alleges in the alternative, Ocwen owns the mortgage note, Ocwen may be subject to liability under TILA. 15 U.S.C. § 1641(f). Accordingly, the TILA claim against Ocwen in Count III will not be dismissed at this time.

**Conclusion**

Based on the foregoing, it is **ORDERED** that the Motion to Dismiss Complaint by Defendant Ocwen Loan Servicing, LLC (Doc. No. 3) is **GRANTED in part** and **DENIED in part** as follows:

1. The RESPA claim against Ocwen based on the deficiency of the September 7 Response in Count I is **DISMISSED without prejudice**.

2. The claims against Ocwen for violating subsections (5) and (14) of the FCCRA and for violating subsection (18) of the FCCRA based on "direct telephonic communications" in Count II are **DISMISSED without prejudice**.

3. The Motion to Dismiss is **DENIED** in all other respects.

Plaintiff Robert M. Patton has leave to file an Amended Complaint within fourteen (14) days from the date of filing of this Order. Should Plaintiff fail to file an Amended Complaint as directed by this Order, the case will proceed solely on the well-pled allegations of the initial Complaint.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on May 5, 2011.

*[signature]*

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record