UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ROBERT M. PATTON,**

        **Plaintiff,**

-vs-                                                   Case No.  6:11-cv-445-Orl-19DAB

**OCWEN LOAN SERVICING, LLC and JOHN
DOE LOAN OWNER, INC.,**

        **Defendants.**

_____

# ORDER

This case comes before the Court on the following:

1. Motion to Dismiss Count I of Amended Complaint filed by Defendant Ocwen Loan Servicing, LLC (Doc. No. 23, filed June 7, 2011); and

2. Memorandum in Support of Motion to Dismiss Count I of Amended Complaint filed by Defendant Ocwen Loan Servicing, LLC (Doc. No. 24, filed June 7, 2011).

**Background**

**I.  Plaintiff's Allegations**[1]

The instant case concerns the actions of Defendant Ocwen Loan Servicing, LLC ("Ocwen") in servicing the mortgage held by Defendant John Doe Loan Owner, Inc. ("Loan Owner"), an unknown entity, for property owned by Plaintiff Robert M. Patton located at 1987 Nixon Avenue, Melbourne, Florida.  (Doc. No. 19 ¶¶ 3-4; Doc. No. 19-1 at 2.)

---

[1] The facts presented in this Order are derived from the allegations of the Amended Complaint.  These facts are included only to provide context and should not be construed as findings of fact.

Plaintiff alleges that "[o]n or about July 21, 2010," his counsel sent Ocwen a written request for validation of the debt owed on the mortgage of 1987 Nixon Avenue ("July 21 Letter"). (Doc. No. 19 ¶ 8.) A copy of the July 21 Letter and a fax confirmation page for the July 21 Letter are attached as Exhibit 1 to the Amended Complaint.[2] (Doc. No. 19-1 at 1-3.) Plaintiff contends that Ocwen's acknowledgment of receipt of the July 21 letter dated August 21, 2010 ("August 21 Acknowledgment"), was untimely and that Ocwen's response to the July 21 Letter dated September 7, 2010 ("September 7 Response"), unlawfully failed to provide all of the information requested and was untimely. (Doc. No. 19 ¶¶ 15, 17.) The September 7 Response is attached as an unnumbered exhibit to the Amended Complaint. (Doc. No. 19-1 at 6.)

Plaintiff further asserts that Ocwen made direct written and telephonic communications to him despite previously receiving notice that he was represented by counsel. (Doc. No. 19 ¶¶ 27-28.) Finally, Plaintiff alleges that both Ocwen and Loan Owner have refused to disclose Loan Owner's identity. (*Id.* ¶¶ 7, 35-36.)

## II. Procedural History

On February 18, 2011, Plaintiff filed a Complaint against Ocwen and Loan Owner in the County Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida. (Doc. No. 2.) Ocwen removed the case to this Court on March 22, 2011, (Doc. No. 1), and thereafter filed a Motion to Dismiss the Complaint for failure to state a claim upon which relief can be granted. (Doc. No. 4.) On May 5, 2011, the Court entered an order granting in part and denying in part Ocwen's Motion to Dismiss and affording Plaintiff leave to file an Amended Complaint. (Doc. No. 15.)

---

[2] The fax confirmation page indicates that the July 21 Letter was faxed to Ocwen at 5:21 p.m. on July 20, 2010. (Doc. No. 2 at 7.)

On May 6, 2011, Plaintiff filed an Amended Complaint against Ocwen and Loan Owner alleging: (1) violation of the Real Estate Settlement Practices Act ("RESPA"), 12 U.S.C. § 2601, *et seq.*, against Ocwen; (2) violation of the Florida Consumer Collection Practices Act ("FCCPA"), Section 559.55, *et seq.*, Florida Statutes, against Ocwen; and (3) violation of the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.,* against Ocwen and Loan Owner. (Doc. No. 2.) Ocwen now moves to dismiss Count I of the Amended Complaint for failure to state a claim upon which relief can be granted. (Doc. No. 24 at 2.) Plaintiff filed an unopposed motion for an extension of time in which to file a response opposing Ocwen's Motion to Dismiss, (Doc. No. 26, filed June 21, 2011), and the Court extended Plaintiff's deadline to file a response until July 11, 2011. (Doc. No. 28, filed June 27, 2011.) As of the date of this Order, Plaintiff has not filed a response opposing the Motion to Dismiss, and the time for doing so has passed.[3]

## Standard of Review

When ruling on a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), a court must limit its consideration to the complaint, the written instruments attached to it as exhibits, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 323 (2007); *GSW, Inc. v. Long Cnty., Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). In determining the merits of the motion, a court must "accept all factual allegations in the complaint as true." *Tellabs*, 551 U.S. at 323. However, "the tenet that a

---

[3] Local Rule 3.01(b) provides that each party opposing a motion shall file within fourteen days after service of the motion a response that includes a memorandum of legal authority in support of the opposition. Failure to oppose a motion raises an inference that the party does not object to the motion. *E.g.*, *Bray & Gillespie Mgmt. LLC v. Lexington Ins. Co.*, 527 F. Supp. 2d 1355, 1371 (M.D. Fla. 2007).

court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Once a court "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," the court must next determine whether the well-pled facts "'state a claim to relief that is plausible on its face.'" *Id.* at 1949-50 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950 (citation omitted). As the United States Supreme Court explained:

> The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.* at 1949 (quotation marks and internal citations omitted) (quoting *Twombly*, 550 U.S. at 557). On a Rule 12(b)(6) motion to dismiss, when a court considers the range of possible interpretations of the defendant's alleged conduct, if the "more likely explanations" involve lawful, non-actionable behavior, the court should find that the plaintiff's claim is not plausible. *Id.* at 1950-51.

**Analysis**

In Count I of the Complaint, Plaintiff asserts that the July 21 Letter was a qualified written request ("QWR") under RESPA and that Ocwen violated RESPA by failing to adequately respond to the July 21 Letter and by failing to timely submit its acknowledgment and response to the July

21 Letter. (Doc. No. 19 at 2-4.) Ocwen contends that the RESPA claims concerning its September 7 Response to Plaintiff's July 21 Letter should be dismissed because Plaintiff's allegations and the exhibits attached to the Amended Complaint show that the September 7 Response was legally sufficient and timely under RESPA.[4] (Doc. No. 24 at 2-5.) The Court will separately address the sufficiency and timeliness of the September 7 Response.

**I. Sufficiency of September 7 Response**

Plaintiff's July 21 Letter to Ocwen stated that Plaintiff did "not understand what, if any, ownership interest HSBC Bank, N.A. has in the subject note and mortgage" and that Plaintiff believed that "payments have not been properly credited toward the balance due." (Doc. No. 19-1 at 2.) The July 21 Letter also requested that Ocwen provide Plaintiff the following:

(1) The identity of the current owner of the note and mortgage.

(2) The identity of all prior owners of the note and mortgage.

(3) The date the current owner of the note and mortgage acquired the note and mortgage.

(4) If the note and mortgage is owned by a trust, the identity of both the trustee of the subject trust and the trust itself.

(5) The identity of the current and all past servicers of the mortgage.

(*Id.*)

The July 21 Letter was a QWR in part. A QWR is defined as "written correspondence (other than notice on a payment coupon or other payment medium supplied by the servicer) that . . . includes a statement of the reasons that the borrower believes the account is in error, if applicable,

---

[4] Ocwen concedes that Plaintiff has sufficiently pled a claim that Ocwen's August 21 Acknowledgment was untimely under RESPA. (Doc. No. 24 at 4.) Thus, the Court will not disturb this claim in Count I.

or that provides sufficient detail to the servicer regarding information relating to the servicing of the loan sought by the borrower." 12 U.S.C. § 2605(e)(1)(B). The term "servicing" means "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan . . . and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan." *Id.* § 2605(i)(3).

Plaintiff's statement in the July 21 Letter that he believed that "payments have not been properly credited to the balance due" fairly constituted a request that Ocwen provide information regarding the payments applied to Plaintiff's mortgage loan serviced by Ocwen. (Doc. No. 19-1 at 2.) Thus, that portion of the July 21 letter was a QWR. *Cf. MorEquity, Inc. v. Naeem*, 118 F. Supp. 2d 885, 901 (N.D. Ill. 2000) ("There are no claims, for example, that [the servicer] did not give the [mortgagors] credit for any periodic payments made, which is how the statute defines servicing. . . . Therefore, the request did not relate to "servicing" of the loan . . . .").

In response to Plaintiff's inquiry regarding the application of payments to his loan, Ocwen provided Plaintiff a "Payment Reconciliation History" in the September 7 Response. (Doc. No. 19-1 at 6; Doc. No. 19 ¶ 17.) Plaintiff does not allege in the Amended Complaint that the Payment Reconciliation History was an insufficient response to his inquiry regarding the payments credited to his loan under RESPA. (Doc. No. 19 ¶ 17.)

The remaining information requested by Plaintiff in the July 21 Letter and that was allegedly not provided by Ocwen in its September 7 Response concerned the identity of past and present owners of Plaintiff's mortgage,[5] not the servicing of the loan. Because that requested information

---

[5] Plaintiff alleges that the following information was not provided by Ocwen in its September 7 Response in violation of RESPA:

(continued...)

did not relate to the servicing of the subject loan, that portion of the July 21 Letter was not a QWR, and Ocwen did not violate RESPA by allegedly failing to provide the requested information. *See Angelini v. Bank of Am.*, No. 11-3011-CL, 2011 WL 2433485, at *5 n.3 (D. Or. Apr. 27, 2011) ("The RESPA notice requirement by its terms extends only to the transfer of loan servicing, not to the transfer of ownership of the loan."); *Marsh v. BAC Home Loans Servicing, LP*, No. 2:09-cv-813-FtM-29DNF, 2011 WL 1196415, at *8 n.8 (M.D. Fla. Mar. 29, 2011) (ruling that plaintiff's allegation that a loan servicer violated RESPA by not disclosing the "true owner" of a promissory note did not state a claim under RESPA because requesting such information did not relate to servicing of the loan). Therefore, based on the allegations and exhibits attached to the Amended Complaint, Ocwen's September 7 Response provided all of the information required by RESPA.

## II. Timeliness of September 7 Response

In support of his claim that Ocwen's September 7 Response was untimely, Plaintiff alleges that the amendments to RESPA under the Dodd-Frank Wall Street Reform and Consumer Act, Pub. L. 111-203, 124 Stat. 1376 (2010) ("Dodd-Frank Act"), took effect on July 22, 2010, and governed his July 21 Letter to Ocwen. (Doc. No. 19 ¶¶ 14, 16-18.) The RESPA amendments cited by Plaintiff in the Amended Complaint did not actually take effect on July 22, 2010 as alleged. The RESPA amendments identified in the Amended Complaint are found in Title XIV of the Dodd-Frank Act, which is known as the Mortgage Reform and Anti-Predatory Lending Act ("Mortgage

---

(...continued)
> (1) the identity of the current owner of the note and mortgage, (2) the identity of all prior owners of the note and mortgage, (3) the date the current owner of the note and mortgage acquired the note and mortgage[, and] (4) the identity of any trust owing note and mortgage and trustee of the subject trust.

(Doc. No. 19 ¶ 17.)

Reform Act"). Pub. L. 111-203 § 1400(a). Pursuant to Section 1400(c) of the Dodd-Frank Act, the Mortgage Reform Act takes effect as follows:

> (c) REGULATIONS; EFFECTIVE DATE.--
>
> (1) REGULATIONS.--The regulations required to be prescribed under this title or the amendments made by this title shall--
>
> > (A) be prescribed in final form before the end of the 18-month period beginning on the designated transfer date; and
> >
> > (B) take effect not later than 12 months after the date of issuance of the regulations in final form.
>
> (2) EFFECTIVE DATE ESTABLISHED BY RULE.--Except as provided in paragraph (3), a section, or provision thereof, of this title shall take effect on the date on which the final regulations implementing such section, or provision, take effect.
>
> (3) EFFECTIVE DATE.--A section of this title for which regulations have not been issued on the date that is 18 months after the designated transfer date shall take effect on such date.

The parties do not cite, and the Court does not find, any authority indicating that regulations implementing the RESPA amendments cited by Plaintiff took effect on July 22, 2010 as Plaintiff alleges or at any time up to the date of this Order. Further, if no regulations are issued within 18 months after the "designated transfer date," July 21, 2011,[6] the regulations take effect on "such date." Pub. L. 111-203 § 1400(c)(3). Finding no authority that the Dodd-Frank Act amendments to RESPA cited by Plaintiff in the Amended Complaint have taken effect, those amendments did not govern Ocwen's September 7 Response to the July 21 Letter.[7]

---

[6] The Secretary of the Treasury set July 21, 2011 as the "designated transfer date." Designated Transfer Date, 75 Fed. Reg. 57,252 (Sept. 20, 2010).

[7] Even if the alleged RESPA amendments took effect on July 22, 2010 as Plaintiff alleges, the Court finds no authority that Ocwen's September 7 Response to the July 21 Letter would be governed by RESPA amendments taking effect one day after the July 21 Letter was sent. *See* (continued...)

Under the current version of RESPA, Ocwen was required to respond to the July 21 Letter within sixty days of receipt. 12 U.S.C. § 2605(e)(1)(A). Based on the allegations and exhibits to the Amended Complaint, Ocwen responded to Plaintiff's July 21 Letter on September 7, 2010, within the sixty day deadline. (Doc. No. 19-1 at 6.) Therefore, Plaintiff has failed to state a claim that Ocwen's September 7 Response was untimely under RESPA.

In summary, Plaintiff's allegations and the exhibits to the Amended Complaint show that Ocwen's September 7 Response complied with RESPA. Accordingly, Plaintiff's claims in Count I that the September 7 Response was insufficient and untimely under RESPA will be dismissed.

### Conclusion

Based on the foregoing, it is **ORDERED and ADJUDGED** that the Motion to Dismiss Count I of the Amended Complaint by Defendant Ocwen Loan Servicing, LLC (Doc. No. 23) is **GRANTED**. The claims against Ocwen based on the deficiency and untimeliness of the September 7 Response under RESPA in Count I are **DISMISSED without prejudice**.

Plaintiff Robert M. Patton has leave to file a Second Amended Complaint within fourteen (14) days from the date of filing of this Order. Should Plaintiff fail to file a Second Amended Complaint in conformance with this Order, the case will proceed solely on the well-pled allegations of the Amended Complaint.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on July 28, 2011.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

---

(...continued)
*Megino v. Linear Fin.*, No. 2:09-CV-00370-KJD-GWF, 2011 WL 53086, at *8 n.1 (D. Nev. Jan. 6, 2011) (declining to apply the Dodd-Frank Act retroactively).

Copies furnished to:

Counsel of Record